KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA        6289
CHRISTIN D. WEHRSIG       10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-0030
Facsimile:  (808) 369-8396
E-mail: jared@klghawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND, by its Trustees, Robert | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

|  |  |
|---|---|
| Hanamoto, Jody Hanamoto, Steve Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| SCOTT H. Y. HIROSE dba HIROSE ELECTRIC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## COMPLAINT

2

COME NOW Plaintiffs above named by and through their attorneys Kawashima Law Group LLLC, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the Hawaii Electricians trust funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, Prepaid Legal, Supplementary Unemployment Benefits Fund (Sub Fund), and Market Enhancement Program (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, Prepaid Legal, Sub Fund, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, upon information and belief, SCOTT H. Y. HIROSE was a resident of the Island of Oahu, State of Hawaii.

7. Upon information and belief, Scott H. Y. Hirose is the registrant of the Trade Name HIROSE ELECTRIC.

8. HIROSE ELECTRIC was registered in the State of Hawaii on or about April 5, 2010 and expiring on or about April 4, 2015 for the purpose of electrical contracting.

9. HIROSE ELECTRIC was previously registered in the State of Hawaii on or about October 10, 2003 and expiring on or about October 9, 2008 for the purpose of electrical contracting.

10. At all material times Defendant Scott Hirose dba Hirose Electric ("Defendant") was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

11. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendant and/or were the agents, servants,

employees, employers, representative, co-venturers, associates of the named Defendant and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendant but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendant John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

12.    On February 16, 2012, Local Union No. 1186 of the International Brotherhood of Electrical Workers (IBEW), AFL-CIO ("Union") and the Electrical Contractors Association of Hawaii ("ECAH") executed two collective bargaining agreements referred to herein as the Inside Agreement and Outside Agreement (collectively, the "Bargaining Agreements").

13.    The Bargaining Agreements took effect on August 21, 2011 at 12:01 a.m. and shall remain in effect until midnight August 20, 2016.

14. On or about February 22, 2012, Defendant agreed to abide by all terms and conditions of the Bargaining Agreements via a Letter of Assent.

15. The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

16. Trust Funds are third party beneficiaries of the Bargaining Agreements.

## COUNT I (Contributions and Damages)

17. Defendant agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

 (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

 (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

 (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

 (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are

not received by Plaintiffs for a particular month prior to the 1st working day of the second succeeding month;

      (e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

      (f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions in the sum of 25% of the total amount of contributions and damages due.

18.    By agreeing to abide by such Bargaining Agreements, Defendant promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

19.    By said Bargaining Agreements, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Bargaining Agreements, as amended, for each delinquency as and for liquidated damages and not as a penalty.

20. Defendant's obligations to Trust Funds, pursuant to said Bargaining Agreements and trust agreements, to make contributions, are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

21. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

22. By said Bargaining Agreements, Defendant further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorney's fees of 25% from the total amount of contributions and damages due from Defendant.

23. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions
> to a multiemployer plan under the terms of the plan or

> under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>> (A) the unpaid contributions,
>>
>> (B) interest on the unpaid contributions,
>>
>> (C) an amount equal to the greater of
>>
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

25. Defendant's failure to transmit contributions in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

### COUNT III (Breach of Fiduciary Duty)

26. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

27. Defendant is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

28. The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from Defendant to the Trust Funds accrued and was considered as being held in trust by Defendant for the benefit of the Trust Funds to whom such contributions are due and payable.  *See* 29 Code of Federal Regulations §2510.3-102.

29. ERISA required Defendant, as fiduciary, to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries…for the exclusive purpose of…providing benefits to the participants and their beneficiaries…." 29 U.S.C. §1104(a)(1)(A)(I).

30. Defendant breached his fiduciary duties by intentionally failing to report and/or pay the required contributions to Trust Funds and failing to discharge their duties as set forth by ERISA and 29 U.S.C. §1104(a).

31. Trust Funds have been damaged as a result of Individual Defendant's action in an amount to be proven at trial.

## COUNT IV (Constructive Trust)

32. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

33. As a result of Defendant's breach of fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to Defendant.

34. A constructive trust should be imposed upon the assets of Defendant to be held for the benefit of those participants employed by Defendant and their beneficiaries under the Trust Funds.

WHEREFORE, Trust Funds pray as follows:

(1) For judgment against Defendant for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2) For imposition of a constructive trust on the assets of Defendant; and

(3) Such other relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, January 28, 2015.

      /s/ Jared N. Kawashima
JARED N. KAWASHIMA
Attorney for Plaintiffs