IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, ET AL., | ) CIVIL NO. 15-00031 DKW-RLP ) |
| Plaintiffs, | ) FINDINGS AND RECOMMENDATION TO ) GRANT IN PART AND DENY IN PART ) MOTION FOR ENTRY OF DEFAULT |
| vs. | ) JUDGMENT AGAINST SCOTT H.Y. ) HIROSE DBA HIROSE ELECTRIC |
| SCOTT H.Y. HIROSE, ET AL. | ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST SCOTT H.Y. HIROSE DBA HIROSE ELECTRIC[1]

Before the Court is Plaintiffs' Motion for Default Judgment Against Scott H.Y. Hirose dba Hirose Electric, filed on July 1, 2015 ("Motion"). ECF No. 14. Defendant Scott H.Y. Hirose dba Hirose Electric was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion. See ECF No. 14-11. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 15. After careful consideration of the Motion, the declarations, exhibits, and the record

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on January 28, 2014. ECF No. 1, Compl. The Complaint alleges that Defendant agreed, through a Letter of Assent, to abide by all terms and conditions of the collective bargaining agreements agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Id. ¶¶ 14-17. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. Id. ¶ 18. Plaintiffs claim that Defendant failed to make required contributions. Id. ¶ 20. In addition, Plaintiffs assert a claim for breach of fiduciary duty against Defendant alleging that he is a "fiduciary under ERISA because he exercised authority or control respecting management of disposition of plan assets." Id. ¶ 27. Plaintiffs allege that Defendant breached his fiduciary duties by intentionally failing to report and/or pay the required contributions. Id. ¶ 30. Plaintiffs ask for a monetary award against Defendant for unpaid contributions, liquidated damages, attorneys' fees and costs, and imposition of a constructive trust on the assets of Defendant. Id. at 12.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on June 8,

2015. ECF No. 13. The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1) the possibility of prejudice to the plaintiff;

    (2) the merits of plaintiff's substantive claim;

    (3) the sufficiency of the complaint;

    (4) the sum of money at stake in the action;

    (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect; and

> (7) the strong policy underlying the Federal
>     Rules of Civil Procedure favoring
>     decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.  Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the

judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was personally made on Defendant on May 11, 2015. ECF No. 9. This service is sufficient under 29 U.S.C. § 1132(e)(2) to establish jurisdiction over Defendant.

### B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

#### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the

first <u>Eitel</u> factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.

First, regarding Plaintiffs' claim for unpaid contributions, the terms of the collective bargaining agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. Compl. ¶ 18. Defendant failed to make required contributions to Plaintiffs. <u>Id.</u> ¶ 25. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant related to the unpaid contributions. Accordingly, this factor weighs in favor of default judgment as to Defendant.

Second, the Court finds that Plaintiffs' allegations regarding breach of fiduciary duty are insufficient. Plaintiffs allege that Defendant is a fiduciary under ERISA. <u>See</u> Compl. ¶ 27. "To qualify as an ERISA fiduciary, an individual or entity must either (i) be named or designated as a fiduciary under the terms of an ERISA plan pursuant to 29 U.S.C. § 1102(a); or (ii) act as a 'functional' or 'de facto' fiduciary with respect to an ERISA plan by exercising discretionary control over the

management or administration of the plan or its assets pursuant to 29 U.S.C. § 1002(21)(A)." Carr v. Int'l Game Tech., 770 F. Supp. 2d 1080, 1088 (D. Nev. 2011). Plaintiffs do not allege that Defendant was a named fiduciary under the plan. Instead, Plaintiffs allege that the contributions owed by Defendant were "being held in trust" for the benefit of the plan and therefore, should be considered trust assets. Compl. ¶ 28. Plaintiffs allege that Defendant breached his fiduciary duties by failing to report and/or pay those contributions. Id. ¶ 30. Plaintiffs' allegations fail as a matter of law. First, Plaintiffs' allegation that contributions should be considered plan assets is not supported by Ninth Circuit case law. The Ninth Circuit has held that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." Cline v. The Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1234 (9th Cir. 2000). Second, even assuming that the unpaid contributions could be considered plan assets, Plaintiffs do not allege any facts to support their conclusory allegation that Defendant exercised authority or control over the disposition of plan assets. Plaintiffs do not allege any facts regarding Defendant's responsibilities with respect to contributions collected by Defendant. The fact that Defendant Hirose was "doing business as" Hirose Electric is insufficient to

7

establish that he is a fiduciary. See 29 C.F.R. § 2509.75-8 (stating that an officer of an employer that sponsors an employee benefit plan is not a fiduciary solely by reason of holding such office). The Court finds that Plaintiffs' allegations, taken as true, are insufficient to establish that Plaintiffs are entitled to judgment against Defendant for breach of fiduciary duty. Accordingly, this factor weighs against default judgment as to Defendant as to this claim.

Third, in their Motion, Plaintiffs ask the Court to grant default judgment against Defendant related to a promissory note that was executed on May 1, 2014. See ECF No. 14-1. However, there are no allegations in the Complaint regarding any promissory note. See Compl., ECF No. 1. The Complaint does not contain any claim for breach of a promissory note and no relief related to the promissory note in requested. See id. Given the complete absence of allegations related to the promissory note in the Complaint, the Court finds that the Complaint is insufficient to establish that Plaintiffs are entitled to judgment against Defendant for breach of a promissory note. Accordingly, this factor weighs against default judgment as to this claim.

### 3. Sufficiency of the Complaint

Regarding Plaintiffs' claim related to unpaid contributions, the allegations in the Complaint are sufficiently

pled and supported by the documents filed with the Motion, which weighs in favor of default judgment on this claim. Regarding Plaintiffs' claims for breach of fiduciary duty and breach of the promissory note, as detailed above, the allegations in the Complaint are insufficient to establish liability against Defendant, which weighs against default judgment as to these two claims.

**4. Sum of Money at Stake**

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Regarding Plaintiffs' claim for unpaid contributions, Plaintiffs seek $103,439.82 for delinquent contributions and $8,861.06 for liquidated damages. ECF No. 14-1 at 6-7. Additionally, Plaintiffs seek attorneys' fees and costs of $2,794.67. Id. at 7. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements. The Court finds that this factor weighs in favor default judgment against Defendant.

**5. Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18.

Defendant has been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on June 8, 2015. ECF No. 9. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion. ECF No. 14-1. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D.

10

Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

    **8. Totality of *Eitel* Factors**

Regarding Plaintiffs' claim related to unpaid contributions, the Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

Regarding Plaintiffs' claims for breach of fiduciary duty and breach of the promissory note, the Court finds that the totality of the factors including the insufficiency of the allegations in the Complaint weighs against entering default judgment against Defendant.

    **C. Damages**

Plaintiffs request the following: (1) $103,439.82 for delinquent contributions; (2) $8,861.06 for liquidated damages; and (3) $2,794.67 for attorneys' fees and costs. ECF No. 14-1 at 6-7. Each category of requested relief is addressed below.

    **1. Delinquent Contributions**

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $103,439.82 for the time period of

September to November 2014 and January to April 2015.  ECF No. 14-1 at 6.  In support of this contention, Plaintiffs submitted a summary of contributions owed which reflects $103,439.82 in outstanding contributions for the months specified.  ECF No. 14-7.  The Court finds Plaintiffs have established damages in the amount of $103,439.82 for delinquent contributions.

    **2.    Liquidated Damages**

Plaintiffs seek liquidated damages of $8,861.06.  This amount is also itemized on the summary.  ECF No. 14-7.  The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to ten percent of delinquent trust fund contributions.  See ECF No. 14-5 at 7, 17; 29 U.S.C. § 1132(g)(2)(C).  Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $8,861.06.

    **3.    Attorneys' Fees and Costs**

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145.  Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees."  ECF No. 14-5 at 7, 17.  Reasonable attorneys' fees are generally based on the

traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $2,794.67 for attorneys' fees and costs. Decl. of Jared N. Kawashima submitted in support of Mot. ("Kawashima Decl."), ECF NO. 14-3, ¶ 5. The Court finds that the 11.75 hours requested are reasonable. See ECF No. 14-10. Second, regarding a reasonably hourly rate, Plaintiffs' counsel, Mr. Kawashima, was admitted to the Hawaii bar in 1994, and requests $250 per hour. Id. Based on this Court's knowledge of the community's prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rate requested is reasonable for Mr. Kawashima. Plaintiffs also request $185 per hour the hours worked by "A1," presumably an associate working for Mr. Kawashima. Id. Plaintiffs' counsel did not provide any information to the Court regarding the identity or experience of this attorney. See ECF No. 14. Plaintiffs' counsel's website states that he has one

associate working for him who graduated from law school in 2013. Based on the information available to the Court, the Court finds that $185 per hour is excessive for an associate with two years of experience and reduces the rate to $160 per hour. Plaintiffs' counsel also requests $95 per hour for work performed by an unnamed paralegal, referred to as "PL," but again provides no information regarding that person's experience or education. Based on the information available to the Court, the Court finds that $95 per hour is excessive and reduces the rate to $75 per hour. Accordingly, the Court finds that the following attorneys' fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Jared N. Kawashima, Esq. | 0.9 | $250.00 | $225.00 |
| "A1" | 10.6 | $160.00 | $1,696.00 |
| "PL" | 0.25 | $75.00 | $15.75 |
| SUBTOTAL | | | $1,936.75 |
| *Hawaii General Excise Tax of 4.712%* | | | $91.26 |
| TOTAL | | | $2,028.01 |

Plaintiffs also request $584.92 in costs for copying, process server fees, postage, messenger fees, and filing fees. ECF No. 14-10. The Court finds that the costs requested by Plaintiffs are reasonable. In total, the Court recommends that the district court award $2,612.93 in attorneys' fees and costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiffs' request for default judgment against Defendant be GRANTED as to Plaintiffs' claim related to unpaid contributions;

(2) Plaintiffs' request for default judgment against Defendant be DENIED as to Plaintiffs' claims for breach of fiduciary duty and breach of a promissory note;

(3) Plaintiffs be awarded damages in the amount of (1) $103,439.82 for delinquent contributions and $8,861.06 for liquidated damages against Defendant.

(4) Plaintiffs be awarded $2,612.93 in attorneys' fees and costs against Defendant.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 30, 2015.

Richard L. Puglisi
United States Magistrate Judge

**HAWAII ELECTRICIANS ANNUITY FUND, ET AL. v. HIROSE, ET AL.; CIVIL NO. 15-00031 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST SCOTT H.Y. HIROSE DBA HIROSE ELECTRIC**